Counsel for defendant in their brief in support of an application for rehearing repeatedly charged this Court with *Page 370 
unfairness by going out of the record and considering matters which were not in evidence in order to be able to render a judgment for plaintiff.
The accusation is so unfounded and baseless as a mere reading of the opinion will disclose, and since it comes from a firm which stands so high in the legal profession of the State, we cannot let it go unanswered.
Counsel charged that we gave consideration to opinions of Dr. Ghormley and a Doctor, residing in Ruston, which were not in the evidence and based our opinion thereon. The opinion clearly states that the opinions of these doctors were attached to a motion for a new trial, which was overruled by the lower Court. We then continued:
"If there were any doubts in our minds about the case, we would consider remanding it in order that this evidence might properly be brought before the Court."
If the above quoted statement does not make it clear that the opinions of the two doctors' counsel referred to were not considered in determining the case, then we fail to understand the meaning of simple language. At no other place in this opinion is any reference made to the opinions of these two doctors but, to the contrary, the evidence properly in the record is discussed and weighed and our decision clearly and plainly based on that evidence.
In discussing the testimony of the doctors used by defendant, and upon whose testimony defendant's counsel relies almost entirely, we said:
"With all due respect to these learned men, it strikes us that their testimony in this case is weak in their attempt to explain the admitted abnormalities in plaintiff's wrist."
We believe that it was Justice Blanchard who once said in an opinion of the Supreme Court that it was the constitutional privilege of a lawyer to curse the Court for a period of thirty days after losing a case. We grant that same privilege provided it is done out of hearing of the Court.
This Court has received some rather caustic briefs on application for rehearing, but this is the first time we have ever been charged with deciding a case on statements which were not evidence in the record and the charge is so baseless and unfounded that it causes us to wonder if counsel read the opinion of this Court, or if he only looked at the decree and a part of the opinion dealing only with the application of plaintiff for a new trial, for it is impossible for us to conceive how counsel could seriously make such an accusation if he carefully read the opinion in full.
Lawyers are officers of the Court, and the Court has the right to and does demand of all lawyers practicing before it the same fairness as the lawyer expects and is entitled to receive from the Court, and disappointment over the loss of a case is not a sufficient reason or excuse to indulge in wild and baseless accusations such as were made by counsel in this case.
The application for rehearing is denied.